IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN STREICH )
) No. 19-66
v.

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for Title II disability insurance benefits and a protective application for Title XVI supplemental social security income, alleging disability due to physical impairments, including chronic obstructive pulmonary disorder ("COPD"). His Title II application was denied initially, based on insufficient evidence; his Title XVI application was granted as of the protective filing date, based on his respiratory condition. His Title II claim of disability due to a left upper extremity injury was later denied by an Administrative Law Judge ("ALJ") upon video hearing. The Appeals Council denied Plaintiff's request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the

---

[1] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). A court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v.

Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

Further, the Court has considered Plaintiff's submissions according to well-established liberal standards applicable to pro se litigants.

## II. THE PARTIES' MOTIONS

Presently, plaintiff challenges the ALJ's conclusion that he engaged in disqualifying substantial gainful activity, sometimes referred to as "SGA." When Plaintiff initially filed his application, he alleged disability beginning on June 20, 2006. The application was partially denied at the initial level, but granted as of May 6, 2015, the protective filing date. Plaintiff requested and received a hearing before an ALJ, asserting that his left upper extremity injury was disabling as of September 30, 2011. The ALJ, considering only Plaintiff's claim of disability as of September 30, 2011, determined that Plaintiff had engaged in substantial gainful activity during the pertinent time, based on disqualifying employment through 2014 for a family cake and candy supply business run from Plaintiff's home.[2]

Disability requires the inability to engage in substantial gainful activity for a continuous period of twelve months. In situations such as this, there are three tests to determine whether a self-employed person has engaged in substantial gainful activity. The ALJ determined that "test three" applied to Plaintiff's case. That test provides as follows:

> You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a)(2)(iii).

---

[2] In terms of the alleged extremity impairment, the ALJ determined that there was insufficient medical evidence to evaluate the longitudinal impact of the impairment as of the date last insured; given the ALJ's determination regarding disqualifying self-employment, however, he determined that such evaluation was unnecessary.

In turn, Section 404.1574(b)(2) sets forth the earnings guidelines used to determine substantial gainful activity. To qualify as substantial gainful activity, for calendar year 2001 and each year thereafter, the monthly earnings must have averaged more than the greater of either $700, or an amount adjusted for wage growth. Id. "While the Plaintiff bears the burden of establishing that he was not engaging in SGA… the ALJ must base his findings on the correct legal standards and the procedure mandated by the regulations and rulings promulgated by the Commissioner." Young v. Colvin, No. 12-272, 2013 U.S. Dist. LEXIS 122501, at *18 (E.D. Tenn. Aug. 28, 2013).

In Fahey v. Colvin, 13-02175, 2014 U.S. Dist. LEXIS 162028 (M.D. Pa. Nov. 18, 2014), the Court applied test three to a bar owner's claim for benefits. There, the ALJ found as follows:

> [The plaintiff was responsible for] all management decisions regarding his bar … including handling the cash, hiring, and inventory. These numerous services clearly have a large value to the bar, as what business can function without someone running it, which the claimant testified he does? Someone responsible for running a business like a bar would earn at least $1000 a month, the minimum threshold for substantial gainful activity.

Id. at **22-23.

The Court framed the central inquiry: "[I]s there substantial evidence demonstrating that [plaintiff's] work activity, when considered in terms of its value to the bar, was clearly worth $1000 per month…?" Id. at *23 (emphasis in original). The Court noted that no manager or expert testified as to the value of plaintiff's duties. Id. at *24. The Court observed that although the value of services need not be supported by direct evidence, "there must be evidence from which the value of those services can be properly inferred and an inference of the value cannot be based on speculation, guess or imagination." Id. at *22-23. Finding the ALJ's decision based on speculation, the Court remanded for reevaluation. Id. at *25.

Consistent with Fahey, several courts have required that a test three finding rest on fairly specific evidence. "'[W]here there is any doubt as to the comparability or worth of services, it will be necessary to obtain evidence in appropriate detail, supplemented as required by opinions from authoritative sources in the community.' … Development of data and evidence must be specific, the lack of conclusive evidence results in a finding that work performed is not substantial gainful activity, and any doubt must be resolved in favor of the impaired individual." Gewecke v. Astrue, No. 09-3137, 2010 U.S. Dist. LEXIS 60704, at **13-14 (D. Neb. June 18, 2010); see also Campbell v. Colvin, No. 16-05386, 2016 U.S. Dist. LEXIS 175384, at *15 (W.D. Wash. Dec. 19, 2016) (collecting cases). "[I]t is essential 'that the evidence show not only what the individual's activities have been since the alleged date of disability onset, but also how such activities compare with those he or she performed before that date.'" Gewecke, 2010 U.S. Dist. LEXIS 6074, at *12 (quoting SSR 83-84).

Here, the ALJ's SGA decision rested on the first prong of test three. He offered the following analysis:

> The claimant was self-employed as the owner of a cake supplies company during the relevant period. In that occupation, he was responsible for making candy molds, packing, tracking and shipping orders, responding to customer e-mails, and transporting equipment and materials. The claimant's wife and daughter also worked for the company from 2011 through 2014. However, their roles took the form of "assistance," indicating that the claimant was chiefly responsible for the corporation's daily functioning, despite his wife being co-owner of the business. This would therefore indicate that he also maintained supervisory duties during those years. Income tax records further describe that the corporation incurred expenses related to advertising during that period. As the individual chiefly responsible for the business, an assumption that the claimant also oversaw these responsibilities appears reasonable…
> ***
>
> A worker earning the minimum wage allowable by federal law would easily eclipse $700 in monthly earnings if he or she limited their employment to 107 hours per month. However, the claimant's experience, expertise, supervisory duties, driving responsibilities, advertising activities, and customer service duties would clearly be of sufficient value to an owner as to easily exceed the SGA amount of $1070 for 2014. I

5

therefore find that the claimant engaged in substantial gainful activity through the 2014 calendar year.

In other words, the ALJ's opinion rested entirely on a finding that Plaintiff worked for 107 hours per month from 2005 to 2014, along with the ALJ's conclusions regarding the value of his work activity. As the ALJ suggested, 107 hours per month would amount to more than $700 dollars per month if calculated according to the then-existing minimum wage. The ALJ, however, then concluded that taking into account Plaintiff's various characteristics and duties, the value of Plaintiff's services would "clearly" and "easily exceed" $1070.00 per month "through the 2014 calendar year." As in Fahey, the question is whether this conclusion is supported by substantial evidence.

In the first instance, I note that the ALJ cited to, and the record reflects, no evidence whatsoever to support his determination regarding the value of Plaintiff's services to his business during any particular continuous twelve-month period between 2005 and 2014. The figure of 107 hours per month arises from Plaintiff's notations on a form, completed in 2015, that he started work in 2005. When asked "Average Number of Hours Worked," Plaintiff wrote "107 per mo." Ex. 1E. How many hours above or below that amount he might have worked during any particular twelve-month period during the nine years between 2005 and 2015 is unclear, as is the nature of the services he actually rendered to the business during a particular time frame in which he might have worked less than the average. Notably, the hearing was focused on Plaintiff's alleged impairment and functioning, and very little evidence relating to Plaintiff's work activities was elicited.

In addition, several of the ALJ's conclusions regarding Plaintiff's duties -- which he then relied on to assess the value of Plaintiff's work activity -- appear to be based on thin evidence,

6

speculation, or incomplete consideration of the record.[3] For example, the ALJ relies solely on the statement in a letter from counsel dated July 5, 2017, that Plaintiff's daughter and wife (a co-owner) "assisted with most of the duties of the business from 2007…until 2014" to suggest that Plaintiff was "chiefly responsible for the corporation's daily functioning." See Ex. 18E. If his family members merely "assisted," the ALJ reasoned, Plaintiff must have borne chief responsibility. This appears to be the source of the ALJ's consideration of "supervisory duties" in assessing the value of Plaintiff's work activity. In his testimony, however, Plaintiff was asked "who was doing [the business], and Plaintiff responded, "My wife and I and then my youngest daughter was helping." In that instance, only Plaintiff's daughter, and not his wife, is described as serving in an assistive capacity.

Then, because the corporation incurred advertising expenses between 2011 and 2014, the ALJ concluded that it was reasonable to assume that Plaintiff, "as the individual chiefly responsible for the business," also oversaw advertising. The ALJ, however, cites to no evidence in the record that advertising was one of Plaintiff's duties. Similarly, with respect to customer service, the ALJ did not refer to Plaintiff's counsel's statement, in her July 5, 2017 letter, that Plaintiff's daughter performed that work from May 2011 to August 2013. The letter further stated that Plaintiff's wife performed "substantial work" for the business until 2014. The ALJ also stated that Plaintiff "was able to start at [sic] home business," although Plaintiff testified that he inherited the business.

An ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." Blakes v.

---

[3] The ALJ noted that the pertinent business reported earnings of $84,554, $58,714, and $42,917.93, respectively, between 2012 and 2014, but his application of test three did not rest on these numbers. Defendant points out that Plaintiff checked "no" in response to the question, "Has anyone besides yourself had management responsibilities for this business…?," and reads this to mean that Plaintiff had sole managerial responsibility. Whether or not this conclusion is accurate or well-founded, the ALJ did not refer to this evidence in his decision.

7

Barnhart, 331 F.3d 565, 569 (7th Cir. 2003). No such bridge exists in this case. While I reach no conclusions regarding the type of evidence required, substantial evidence of some kind must support the ALJ's conclusion.

As a final note, Plaintiff complains that a Social Security caseworker falsified the onset date as September 30, 2011, but also entered a disability onset date of June 20, 2006. Plaintiff's Application Summary for Social Security Income reflects the June date. He avers that the caseworker failed to correct the September 30, 2011 onset date. On remand, if appropriate, these issues may be considered.

## CONCLUSION

In conclusion, this matter will be remanded for development of the record and additional consideration of the issue of whether Plaintiff engaged in substantial gainful activity during a pertinent time frame. If appropriate, proceedings on remand may include consideration of evidence relating to issues not substantively determined by the ALJ's decision under review, such as the longitudinal effect of Plaintiff's upper extremity injury. The ALJ may conduct a new hearing and consider all arguments he deems appropriate for consideration or reconsideration on remand. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: January 24, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN STREICH )
) No. 19-66
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 24th day of January, 2020, Plaintiff's Motion is GRANTED, and this matter is remanded for further proceedings as specified in the foregoing Opinion.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court